UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESUS AREN GALO                          CIVIL ACTION

VERSUS                                   NUMBER: 10-3343

MARLIN N. GUSMAN                         SECTION: "S"(5)


**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Jesus Aren Galo, against defendant, Marlin N. Gusman, Sheriff of Orleans Parish.

At the time that he authored his complaint, plaintiff was a pre-trial detainee at the Orleans Parish Prison ("OPP") awaiting trial on an unspecified charge(s).  (Rec. doc. 5).  Plaintiff alleged that at some point prior to his arrest some ten months earlier, he had been involved in a motorcycle accident, as a consequence of which he had "reconstructive parts" all throughout his body.  (Id. at p. 3).  Despite submitting a number of sick call request forms, plaintiff complained that he had not yet seen an orthopedist and that the medical staff at OPP had been of little assistance in addressing his physical issues.  (Id.).  Plaintiff

attached to his complaint a number of grievance forms which had been responded to by OPP officials within five to fifteen days. (<u>Id</u>. at pp. 5-12). Plaintiff was subsequently allowed to amend his complaint to raise additional allegations regarding his failure to receive medication for an infection which had been prescribed by a prison doctor. (Rec. docs. 19, 17).

In due course, a preliminary conference was held via telephone with plaintiff and counsel for the Sheriff participating. (Rec. doc. 25).[1]/ During that conference, plaintiff complained that he had contracted an infection which had not healed. (<u>Id</u>.). Plaintiff admitted that the medical department at OPP had attempted treatment of his condition which had not been successful and that he suffered from a recurring rash on his face and knee. (<u>Id</u>.). Within the previous four to six weeks, plaintiff had also been seen at the LSU Medical Center where medication was prescribed which he had yet to receive. (<u>Id</u>.). Accordingly, the Court ordered counsel for the Sheriff to investigate plaintiff's allegations and to report on whether doctors' orders were in place and were being followed. (<u>Id</u>.). Plaintiff's prison medical records were also to

---

[1]/ Although scheduled as a preliminary conference, the conference was actually more akin to a <u>Spears</u> hearing which is in the nature of an amended complaint or a more definite statement. <u>See</u> <u>Jackson v. Vannoy</u>, 49 F.3d 175, 176-77 n.4 (5th Cir.), <u>cert</u>. <u>denied</u>, 516 U.S. 851, 116 S.Ct. 148 (1995).

be provided to the Court.  (<u>Id</u>.).

The day following the conference, defense counsel advised the Court that plaintiff had been placed on, and subsequently completed, two consecutive courses of antibiotic prescriptions after "tele-medicine" appointments with LSU-HSC physicians.  A follow-up appointment had occurred approximately one month prior to the conference, during which the LSU-HSC physicians determined that the prescribed treatment course had not been effective and that an in-person appointment had been scheduled which was to take place in several days.  The OPP medical staff stood by to address any of plaintiff's sick call requests as they arose.  (Rec. doc. ___).

The Court was subsequently provided with plaintiff's OPP medical records which indicate that a number of appointments had been scheduled for the general surgery clinic, wound care, and for medication refills.  (Rec. doc. ___).  Those records further reflect that upon medical screening following plaintiff's admission to OPP, he denied any medical problems, other than suicidal ideations, although he did complain of knee and leg pain and past surgical history to those areas was noted.  (<u>Id</u>.).  The sick call request forms that are included within plaintiff's OPP medical records were generally responded to within days and the records indicate that plaintiff was seen by the OPP medical department on numerous occasions for a variety of conditions, including treatment

for a left leg skin graft. (<u>Id</u>.). Prescribed medications and wound care were also administered, sometimes as frequently as daily. (<u>Id</u>.).

Approximately ten months after the preliminary conference was held plaintiff was transferred from OPP to another facility. (Rec. doc. 26). Updated OPP medical records as of June of 2011 reflect that plaintiff had no complaints other than hemorrhoids. (Rec. doc. ___). Sick call request forms continued to be addressed within days of being submitted and throughout his stay at OPP, plaintiff was treated with over a dozen different medications. (<u>Id</u>.).

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915. A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). <u>See also</u> 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

As was noted during the course of the preliminary conference

4

that was held in this case, the sole individual named as a defendant herein is the Sheriff. Yet plaintiff sets forth no facts demonstrating any personal involvement on the Sheriff's part, an essential element of a §1983 cause of action. Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 248 (1983). Respondeat superior is not a concept which is applicable to proceedings brought under §1983. Harvey v. Andrist, 754 F.2d 569, 572 (5th Cir.), cert. denied, 471 U.S. 1126, 105 S.Ct. 2659 (1985); Lozano v. Smith, 719 F.2d 756, 768 (5th Cir. 1983); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981). That being the case, there is no basis upon which to hold the Sheriff liable here.

Even if plaintiff had named a proper defendant, in light of the extensive records of his treatment there is no basis upon which to conclude that an Eighth Amendment violation has occurred. In order to prevail on such a claim, a prisoner must demonstrate that prison officials were deliberately indifferent to his serious medical needs which constituted an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297, 111 S.Ct. 2321, 2323 (1991). Deliberate indifference is an "extremely high" standard to meet. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(internal quotation omitted). A prison official shows deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both

be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).  Such a showing requires the inmate to allege that prison "officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino v. Tex. Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)(quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

"Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." Gobert, 463 F.3d at 346 (footnote omitted).  The decision of whether to provide additional treatment to an inmate is a classic example of a matter of medical judgment. Domino, 239 F.3d at 756.  And where a §1983 claim is premised on a delay in the provision of medical care, a prisoner must also allege that he suffered substantial harm as a result of the delay. Richard v. Martin, 390 Fed.Appx. 323, 325 (5th Cir. 2010)(citing Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993)); Taylor v. Bexar County, No. 10-CA-045, 2011 WL 759549 at *4 (W.D. Tex. Feb. 23, 2011).

The medical and prison records upon which the Court may properly rely, Gobert, 463 F.3d at 346 n.24, fall far short of establishing the subjective and objective components needed to prevail on an Eighth Amendment claim.  "'Deliberate indifference' is a stringent standard of fault, one which requires proof that a municipal actor disregarded a known or obvious consequence of his action." Ford v. Gusman, No. 11-CV-2950, 2012 WL 2567063 at *8 (E.D. La. May 11, 2012), adopted, 2012 WL 2567034 (E.D. La. July 2, 2012)(citing Board of the County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 410, 117 S.Ct. 1382, 1391 (1997)). It has been equated with "subjective recklessness" as that term is used in criminal law. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

During the course of the preliminary conference that was held in this case, plaintiff acknowledged that OPP medical officials had provided him with treatment but that the treatment had not been fully successful.  Such is insufficient to constitute deliberate indifference. Gobert, 463 F.3d at 346.  To the extent that plaintiff complained that the care that he was provided was not furnished as promptly as he might have wished, "[e]xperiencing 'occasional delays in obtaining' medical treatment is insufficient to prove a refusal of providing medical care when the inmate's ... medical records demonstrate that he received treatment." Taylor,

2011 WL 759549 at *4 (quoting <u>Gobert</u>, 463 F.3d at 346); <u>Richard</u>, 390 Fed.Appx. at 324-25.  In light of the authorities noted above, plaintiff's suit should be dismissed pursuant to §1915(e)(2)(B)(i) and (ii).

<u>**RECOMMENDATION**</u>

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this <u>7th</u> day of <u>January</u>, 2014.


ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE